Loretta H. Rush, Chief Justice of Indiana
Pursuant to Indiana Admission and Discipline Rule 23 (12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.
Stipulated Facts: On May 23, 2017, pursuant to a guilty plea, Respondent was convicted in Miami County of operating a vehicle while intoxicated ("OWI") with an alcohol concentration equivalent of .15 or more, a class A misdemeanor. Respondent has a prior conviction for OWI in Hamilton County and was on probation at the time of her arrest in Miami County.
*624 As a result of her probation violation, Respondent was ordered to actively serve 100 days in the Hamilton County Jail, and upon her release was ordered to comply with amended terms of probation that included, among other things, thrice daily monitoring via a Sober Links alcohol detection device. As a result of her second conviction, Respondent's driving is restricted by an ignition interlock device that requires her to pass a breathalyzer test to start her car and pass "rolling tests" while she is driving the car.
Violation: The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on Respondent's trustworthiness or fitness as a lawyer.
Discipline: The Court, having considered the submission of the parties, now approves the following agreed discipline.
For Respondent's professional misconduct, the Court suspends Respondent from the practice of law for a period of 90 days, beginning April 20, 2018, with 30 days actively served and the remainder stayed subject to completion of at least two years of probation under a JLAP monitoring agreement . The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include among other things:
(1) Respondent shall abstain from the use of alcohol and all mind-altering substances.
(2) Respondent shall have no violations of the law or the Rules of Professional Conduct during her probation.
(3) Respondent shall promptly report to the Commission any violation of the terms of Respondent's probation.
(4) If Respondent violates the terms of her probation, the stay of her suspension may be vacated and the stayed suspension may be actively served without automatic reinstatement.
Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(16).
The costs of this proceeding are assessed against Respondent.
All Justices concur.